# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE LAMONT MOORE,<br><br>        Petitioner,<br><br>  v.<br><br>H. A. RIOS,<br><br>        Respondent. | Case No.: 1:11-cv-01446-LJO-JLT<br><br>ORDER GRANTING RESPONDENT'S MOTION FOR STAY OF PROCEEDINGS (Doc. 12)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ADMINISTRATIVELY CLOSE CASE<br><br>ORDER REQUIRING RESPONDENT TO FILE REGULAR STATUS REPORTS |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## PROCEDURAL HISTORY

The instant petition was filed on April 13, 2012, challenging the Bureau of Prisons' ("BOP") failure to credit Petitioner for the period between August 12, 2004 and July 25, 2007, during which Petitioner was incarcerated in a state facility while federal charges were pending. (Doc. 1, p. 9). On April 18, 2012, the Court ordered Respondent to file a response to the petition. (Doc. 4). On June 12, 2012, Respondent filed the instant motion for stay of proceedings. (Doc. 12). In the motion, Respondent contends that a stay should be granted in the interest of judicial economy because the

issues raised in the instant petition are presently pending before the United States District Court for the Eastern District of New York and that exhaustion of the issue in that venue may result in Petitioner's claims being adjudicated on their merits or relief being granted to Petitioner, either of which would effectively moot these proceedings. (Doc. 12, p. 3). Petitioner has not filed a response to the motion for stay of proceedings

## DISCUSSION

Normally, a federal district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979); see also Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163 (1936)(a district court has broad discretion in deciding whether to stay proceedings in its own court). However, habeas proceedings "implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." INS v. Yong, 208 F.3d 1116, 1120 (9th Cir. 2000). In Yong, the Ninth Circuit held that considerations of judicial economy cannot justify "an indefinite, potentially lengthy stay in a habeas case" and reversed the district court's decision to indefinitely stay a habeas proceeding pending resolution of a separate Ninth Circuit case considering related issues. Id. at 1120 ("'The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if…trial courts do not act within a reasonable time.'").

Here, unlike Yong, where the independent proceedings were in an unrelated case and raised a similar issue, the issues raised in the Eastern District of New York are identical to the issues raised in the instant petition. Thus, necessarily, resolution of those issues, either in favor of Petitioner or in favor of Respondent, would likely be dispositive of the "case or controversy" at issue here and ultimately render moot the claims raised in this case. It is analogous to a situation when separate habeas petitions are filed in different federal districts: staying proceedings in one case pending a decision in the other is far preferable to devoting the judicial resources of two separate district courts to the same set of issues at the same time. Moreover, Petitioner has not objected to the stay request and the Court perceives no significant prejudice to the parties unless the stay becomes protracted and effectively indefinite. In order to avoid the latter consequence, the Court will require regular status

reports be filed by Respondent every sixty days.  When the matters are no longer pending in the Eastern District of New York, Respondent will have the obligation to inform the Court of that fact, and to request the re-opening of the case for further proceedings.

## ORDER

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Respondent's motion for stay of proceedings (Doc. 12), is GRANTED;
2. Respondent is required to file regular status reports every sixty days to inform the Court of the status of proceedings in the Eastern District of New York; and,
3. When matters have been resolved in the Eastern District of New York, or any subsequent appeal therefrom, Respondent shall have thirty days within which to either request that the instant case be re-opened for further proceedings, or dismissed as moot in light of the proceedings in the Eastern District of New York.

IT IS SO ORDERED.

Dated:   **November 8, 2012**             **/s/ Jennifer L. Thurston**
                              UNITED STATES MAGISTRATE JUDGE