**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER BRADLEY,<br><br>    Petitioner,<br><br>    v.<br><br>H. A. RIOS, JR.,<br><br>    Respondent. | Case No.: 1:12-cv-00580-LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION (Doc. 28)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS |

      Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The instant petition was filed on April 13, 2012, challenging the computation of credits on Petitioner's sentence by the United States Bureau of Prisons ("BOP").  (Doc. 1).

**PROCEDURAL HISTORY**

      A.  <u>The Instant Petition</u>.

      On June 6, 2012, Respondent requested a stay of proceedings because the issue of Petitioner's credits was already pending before the U.S. District Court for the Eastern District of New York.  (Doc. 12).  To avoid duplication of judicial resources, Respondent requested that the proceedings be held in abeyance pending the New York federal court's resolution of this issue. <u>Id.</u> On November 8, 2012, the Court granted the stay and required Respondent to file regular status reports.  (Doc. 13).

      On October 20, 2014, Respondent notified the Court that the New York district court had

1

adjudicated the issues raised in this petition and requested the stay be lifted. (Doc. 27). On November 19, 2014, Respondent filed the instant motion to dismiss, contending that, pursuant to the ruling of the New York court, Petitioner has been accorded all of the relief to which he is entitled concerning credits and that the petition should be dismissed. (Doc. 28). Petitioner has not filed an opposition to Respondent's motion to dismiss.

B.  Prior Procedural History.

Petitioner is in custody of the BOP serving a 276-month sentence. This sentence was imposed after his 2007 conviction in the United States District Court for Eastern District of New York for killing an individual while distributing cocaine, a violation of 18 U.S.C. § 848(e)(1)(A). (Doc. 28, Ex. 2, Attach 7).

According to the documents filed with the motion to dismiss, including a declaration by Marcus Boudreaux, a BOP Management Analyst who audited the records relating to Petitioner's sentence. (Doc. 28, Ex. 2), following is the case chronology: Petitioner was arrested on March 15, 2004 in Brooklyn, New York, by non-federal authorities on the charges of attempted first degree robbery, criminal possession of a weapon, menacing, and possession of an ammunition clip. (Id., p. 3). On May 10, 2004, Petitioner pleaded guilty to disorderly conduct in state court and was sentenced to time served. (Id.). During that time, he was in the continuous custody of the New York City Department of Corrections ("NYC-DOC"). (Id.).

When Petitioner was arrested on these charges, he was on parole after a conviction of sale of a controlled substance in another state court and had been originally sentenced on that case to a two-year minimum, six-year maximum prison term. (Doc. 28, Ex. 2 at p. 3) As a result of the March 15, 2004 arrest and plea, the state, on March 24, 2004, commenced proceedings to revoke Petitioner's parole on the earlier charge. (Id.). After the state determined that Petitioner had four years, two months, nineteen days remaining on his original sentence, the court revoked Petitioner's parole and returned him to custody for an additional five-month term. (Id.). Petitioner remained in the custody of the NYC-DOC until June 2, 2004, when he was released into the custody of the New York State Department of Correctional Services (NY-DOC), to continue service of his original sentence for sale of a controlled substance. (Id.).

On July 27, 2004, the state parole board determined that the earliest possible release date for Petitioner was August 18, 2004. (Id., p. 4). On August 12, 2004, Petitioner was temporarily transferred to federal custody pursuant to a writ. (Doc. 28, Ex. 2, Attach. 17). Petitioner was prosecuted on the federal charges and on July 18, 2007, was sentenced by the U.S. District Court for the Eastern District of New York, to a 276-month term for killing an individual while distributing cocaine. (Doc. 28, Ex. 2, p. 4). The sentencing order does not indicate that the 276-month term was to be served concurrent with any other prison term. (Doc. 28, Ex. 2, Attach 6).

On July 26, 2007, Petitioner was returned to the custody of the NY-DOC to continue serving his state sentence. (Doc. 28, Ex. 2, p. 4). A federal detainer was lodged with the NY-DOC regarding Petitioner's federal sentence, holding him when he completed the state prison term. (Id.). According to Management Analyst Boudreaux, during the period Petitioner was subject to the federal writ, i.e., from August 12, 2004 until July 26, 2007, Petitioner remained in the primary custody of the state authorities, several state parole hearings were held, and the parole decision in all of those proceedings were designated "Postponed" because Petitioner was being held subject to the federal writ. (Id., p. 5). On October 10, 2007, Petitioner, at his own request, was released via parole in order to "start his Federal sentence earlier." (Id.).

## JURISDICTION

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a

community treatment center); Barden v. Keohane, 921 F.2d 476, 479 (3rd Cir. 1990) (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677.

In this case, Petitioner alleges he is being unlawfully denied credit for the time in "federal custody" while awaiting trial on his federal charges. (Doc. 1 at 3) Petitioner claims that this period of time, nearly three years, was not credited to any other sentence. Id. Thus, Petitioner is challenging the execution of his sentence rather than its imposition; therefore, the claim is proper under 28 U.S.C. § 2241. In addition, because Petitioner was incarcerated at the time of filing of the petition at the United States Penitentiary, Atwater, California ("USP Atwater"), which lies within the Eastern District of California, Fresno Division, this Court has jurisdiction to proceed.

## DISCUSSION

A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a motion to dismiss the petition, asserting that Petitioner's contentions regarding the Bureau of Prison's award of credits are without merit. Along with the motion, Respondent has submitted additional evidence in the form of declarations, reports, and documents, all in support of Respondent's contention that Petitioner's claims lack merit.[1] Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See, Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

4

evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

As discussed above, the Rules Governing Section 2254 Cases do not expressly provide for motion practice; rather, such motion practice must be inferred from the structure of the rules themselves. Hillery, 533 F.Supp. at 1195. For example, Rule 11 provides as follows: "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions of these rules, may be applied to a proceeding under these rules." Rule 11 of the Rules Governing Section 2254 Cases. Because of the peculiar and unique nature of habeas proceedings, as a general rule, neither Rule 12(b)(6) nor summary judgment motions under Rule 56 are particularly appropriate. Given the nature of a habeas corpus petition, Anderson v. Butler, 886 F.2d 111, 113 (5th Cir. 1989) (modern habeas corpus procedure has the same function as an ordinary appeal); O'Neal v. McAnnich, 513 U.S. 440, 442 (1995) (federal court's function in habeas corpus proceedings is to "review errors in state criminal trials"(emphasis omitted)), motions for summary judgment are unnecessary because petitions may be decided immediately by the Court following submission of the pleadings provided no material issues of fact exist. See, 1 J. Liebman, *Federal Habeas Corpus Practice and Procedure,* § 17.3 (1988) (The habeas corpus statute authorizes -- indeed, it seems to *require* -- the court treat the petition itself as the equivalent of a petitioner-initiated summary judgment motion).

Similarly, a Rule 12(b)(6) motion attacking the sufficiency of the pleading in the petition does not comfortably fit within the habeas landscape either. As mentioned, the district court is already tasked with the responsibility to initially screen the petition for sufficiency pursuant to Rule 4 of the Rules Governing Section 2254 cases. Here, the Court's order of September 25, 2009, requiring Respondent to file a response, was issued only *after* the Court had undertaken its Rule 4 obligation. Thus, at that point, the Court had, by implication, already found the petition's pleadings sufficient to proceed. Premising a motion to dismiss on Rule 12(b)(6), as Respondent has done, is therefore redundant in that, essentially, such a motion requests that the Court conduct a pleading examination that

it has already completed.

Although procedurally appropriate to do so, denying Respondent's motion to dismiss solely on narrow procedural grounds and then requiring Respondent to file an answer that would, in all likelihood, raise the same issues again based on the same documentary evidence, would be an inefficient use of the Court's limited judicial resources.  Instead, the Court has the inherent power under the Rules Governing Section 2254 Cases to construe Respondent's motion as an Answer on the merits. If Petitioner has been given a reasonable time within which to file a Traverse to Respondent's Answer, the Court is then in a position to rule on the merits of the petition without the need for further factual development of the record or additional briefing.

Accordingly, the Court will construe Respondent's motion to dismiss as an Answer on the merits. Despite the passage of sixty days since the motion to dismiss was filed, Petitioner has not filed any responsive pleading.  Therefore, the Court will review these issues on their merits.

B. <u>Exhaustion</u>.

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies.  <u>Martinez v. Roberts</u>, 804 F.2d 570, 571 (9th Cir. 1986); Chua <u>Han Mow v. United States</u>, 730 F.2d 1308, 1313 (9th Cir. 1984); <u>Ruviwat v. Smith</u>, 701 F.2d 844, 845 (9th Cir. 1983).  The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement.  <u>Brown v. Rison</u>, 895 F.2d 533, 535 (9th Cir. 1990).  Thus, "because exhaustion is not required by statute, it is not jurisdictional." <u>Id</u>.  If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Here, Respondent concedes that Petitioner's claims are exhausted.  (Doc. 28, p. 4).

C. <u>Calculation of Credits</u>.

The petition contends that the BOP erred in failing to credit him with time served between August 12, 2004 and July 25, 2007, the period during which the federal proceedings were pending prior to sentencing. (Doc. 1, p. 3).  Respondent, on the other hand, contends that Petitioner has received all the credits he is due under federal law.  The Court agrees with Respondent.

The authority to compute a federal prisoner's sentence is delegated to the Attorney General, who exercises it through the BOP. United States v. Wilson, 503 U.S. 329, 334-35, 112 S.Ct. 1351, 1354-55 (1992); Allen v. Crabtree, 153 F.3d 1030, 1033 (9th Cir. 1998), *cert denied*, 525 U.S. 1091 (1999). "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody." United States v. Smith, 812 F.Supp 368, 370 (E.D.N.Y. 1993); Jimenez v. Warden, FDIC, Fort Devens, Mass., 147 F.Supp.2d 24, 27 (D.Mass.2001); Chambers v. Holland, 920 F.Supp. 618, 621 (M.D.Pa. 1996), *affirmed by*, 100 F.3d 946 (3rd Cir. 1996). A federal sentence commences "on the date the defendant is received in custody… to commence service of sentence at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); Thomas v. Brewer, 923 F.2d 1361, 1369 (9th Cir. 1991).

Here, there is no dispute that Petitioner is entitled to credit against his federal sentence starting on October 10, 2007, and, likewise, no contention has been raised that he has not received this credit. This is precisely the conclusion reached by the Eastern District of New York as well. (Doc. 28, Ex. 4, p. 8). The only remaining issue is whether Petitioner is entitled to federal credits for any period of time prior to that date--specifically for the period between August 12, 2004 and July 26, 2007 when Petitioner was in the temporary custody of federal officers during the pendency of his federal criminal proceeding.

Thomas v. Brewer determines the date Petitioner's federal sentence commenced. In that case, petitioner was arrested on state charges on May 10, 1964. While in state custody, he was charged in federal court with armed bank robbery. On three occasions--June 15, 1964, June 23, 1964, and August 4, 1964--petitioner was brought to federal court on a writ of habeas corpus ad prosequendum to answer the federal charges. On the latter date, August 4, 1964, petitioner was sentenced to the "maximum period prescribed by law." Thomas, at 1363.

After his sentencing in federal court, petitioner was returned to state authorities in Los Angeles, where, on August 28, 1964, he appeared in state court and was sentenced to two concurrent terms. Thomas, at 1363. On February 11, 1965, petitioner was sentenced in state court to a term of life on yet another charge. Id. at 1364. Thomas began serving his state term in California State Institution, Chino,

on February 23, 1965.  Id.  On November 23, 1966, pursuant to a recommendation of the state court, petitioner was turned over to U.S. marshals to enable concurrent service of petitioner's federal and state terms.  At an unknown date in December 1966, petitioner was delivered to the Federal Correctional Institute, Lompoc, California.  Id.

Thomas contended in a federal habeas petition that he should be given credit for time in custody between August 4, 1964 and November 23, 1966.  Thomas, at 1364.  The federal district court disagreed and denied Thomas' petition.  Id.  The Ninth Circuit affirmed, rejecting Thomas' contention that he was in federal custody at the time of his initial federal sentencing on August 4, 1964, and that his federal sentence should therefore run from that date.  Id.  In so doing, the Ninth Circuit upheld the district court's determination that Thomas' sentence commenced to run on November 23, 1964, the date he was originally released from state prison and turned over to the custody of U.S. marshals for concurrent service.  Id. at 1369 ("Thomas's sentence could not have begun to run until he was received at an institution either to serve his sentence, or to be transported to another institution where his sentence was to be served.").

Applying Thomas to this case, Petitioner was not "received into [federal] custody...to commence service of sentence at the official detention facility at which the sentence is to be served" during the period from August 12, 2004 until July 26, 2007.  During that time period, despite being temporarily placed with federal authorities, Petitioner was still serving his state sentence for his parole revocation and thus, he was still in the primary custody of the State of New York.  By contrast, Petitioner was unquestionably "received into [federal] custody" on October 10, 2007, shortly after he completed his state prison term and subject to the detainer lodged by the federal government for his conviction July 18, 2007 conviction.  Thomas, 923 F.2d at 1369; see United States v. Segal, 549 F.2d 1293, 1301 (9th Cir. 1977)("a federal term cannot begin until a prisoner has been received by federal authorities"); United States v. Graham, 538 F.2d 261, 265 (9th Cir. 1976)("Unless time is served in federal custody, it does not count as credit for time served under a federal sentence"); Gunton v. Squier, 185 F.2d 470, 471 (9th Cir. 1950)("his Federal sentence could not start to run until he was delivered to and received by the United States Marshal at the place of detention to await transportation to the Federal penitentiary").  At that point, and only at that point, was Petitioner in the primary custody of

federal authorities for purposes of awarding credits on his federal conviction. Accordingly, October 10, 2007 was the date when Petitioner's federal detention "commenced." This conclusion is entirely consistent with that reached by the Eastern District of New York in rejecting the same argument Petitioner raises in this case. (Doc. 28, Ex. 4, p. 8).

Petitioner asserts, however, that he should be awarded pre-trial credits for the period from August 12, 2004 until July 26, 2007, against his federal sentence. As mentioned, 18 U.S.C. § 3585, provides, inter alia, that "[a] defendant be given credit for any time spent in official detention prior to the date a sentence commences . . . that *has not been credited against another sentence*." 18 U.S.C. § 3585(b) (emphasis added). Contrary to Petitioner's assertions, two reasons exist for why Petitioner is not entitled to these additional "pre-trial" credits against his federal sentence. First, that time period was not a term served "as a result of the offense for which the [federal] sentence was imposed," § 3585(b)(1). Second, Petitioner's claims to the contrary, he had already received credit for that time on his state sentence, which precludes him from receiving the same credits on his federal sentence. § 3585(b)(2). (Doc. 28-2 at 7) To give Petitioner credit for his "pre-trial" detention on the federal charges for both his state sentence and his federal sentence would violate the plain language of § 3585(b), and is barred by United States v. Wilson, 503 U.S. 329, 337, 112 S.Ct. 1351 (1992) ("Congress made clear [in Section 3585(b) ] that a defendant could not receive a double credit for his detention time.").

Thus, the Court concludes Petitioner is not entitled to custody credit pursuant to § 3585(b). Put another way, all of the time Petitioner now seeks to have credited against his federal sentence has *already* been credited toward his state sentence. (Doc. 28-2 at 7) Since Petitioner has received full credit against his state sentence for the all of the time spent in federal custody pursuant to the writ of habeas corpus, he is not entitled to any additional credit, which would, in effect, be double credits against his federal sentence *for the same period of time*. 18 U.S.C. § 3585(b); see also United States v. Wilson, 503 U.S. 329, 337 ("Congress made clear [in 18 U.S.C. § 3585(b)] that a defendant could not receive a double credit for his detention time."); Boniface v. Carlson, 856 F.2d 1434, 1436 (9th Cir. 1988)(per curium)(applying the precursor to 18 U.S.C. § 3585, and concluding that "[s]ince the State of Florida gave [petitioner] credit on his state sentence for the period of time he was denied release [from state custody], he is not entitled to credit against his federal sentence for the same period of time");

Rios v. Wiley, 201 F.3d 257, 274-275 (3d Cir. 2000)("[T]he general rule prohibiting double credit articulated in section 3585(b) applies equally to situations where, as here, the prisoner was in federal control pursuant to a writ of habeas corpus ad prosequendum during the time period for which a pre-sentence credit is sought."); United States v. LaBeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998)("[A] defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence.").

Accordingly, the Court will recommend that Respondent's motion to dismiss be granted and that the petition be denied on its merits.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss (Doc. 28), be GRANTED and that the Petition for Writ of Habeas Corpus be DENIED with prejudice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 21 days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 22, 2015**          /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE